# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**DAVID E. GRAVES and JANE GRAVES**,

Plaintiffs,

v.

**CALIBER HOME LOAN, US BANK TRUST NA, LSF9 MASTER PARTICIPATION TRUST**,

Defendants.

Case No. 3:18-cv-01187-AC

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on February 7, 2019. ECF 26. Magistrate Judge Acosta recommended that Defendants' Motion to Dismiss (ECF 5) should be GRANTED and Plaintiffs' claims should be dismissed with prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs filed objections to Judge Acosta's F&R. ECF 28. Plaintiffs raise four objections to the F&R. First, Plaintiffs argue that a dismissal of claims is improper in an action to quiet title, and that such actions must result in a ruling on the title. This is not a correct understanding of the law. Federal Rule of Civil Procedure 12(b)(6) applies to all civil actions in federal court, and therefore a motion to dismiss is procedurally proper in an action to quiet title if the plaintiff's complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiffs next argue, for the first time, that "Beneficial of Washington Inc." did not perfect its interest under "ORS752(1)." The Court cannot ascertain which provision of Chapter 752 of the Oregon Revised Statutes (relating to Professional Liability Funds) Plaintiffs intend to cite.

Oregon law requires, however, that "any challenges to a non-judicial foreclosure (other than those based on notice) be made before [] the trustee's sale." *Mikityuk v. Nw. Tr. Servs., Inc.*, 952 F. Supp. 2d 958, 963 (D. Or. 2013). Thus, Plaintiff's challenge to the legitimacy of "Beneficial of Washington Inc." comes too late.

Plaintiffs also allege that the case should have been stayed by a November 9, 2018 court order pending an Alternative Dispute Resolution ("ADR") process. The November 9, 2018 order was a scheduling order that extended the relevant deadlines in this case. Although the order imposed a February 12, 2019 deadline for the parties to confer as to an ADR and file an ADR report, the order did not require that the parties participate in an ADR. This objection is without merit. Finally, Plaintiffs argue that the recommendation to grant Defendants' Motion to Dismiss and dismiss Plaintiffs' claims is against public policy. Plaintiffs do not identify a strong public policy interest that is violated by a court's order dismissing a complaint because the complaint fails to state a claim upon which relief can be granted. Additionally, dismissal of a complaint that fails to state a claim, rather than allowing a meritless claim to proceed to discovery and trial, furthers the public policy of securing "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The Court has reviewed *de novo* those portions of Magistrate Judge Acosta's Findings and Recommendation to which Plaintiffs have objected, as well as Plaintiffs' objections and Defendants' response. The Court agrees with Magistrate Judge Acosta's reasoning regarding the merits of Plaintiffs' claims and ADOPTS those portions of the Findings and Recommendation.

For those portions of Magistrate Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation, ECF 26. Defendants' Motion to Dismiss (ECF 5) is GRANTED and Plaintiffs' claims are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 21st day of May, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge